UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| RYAN JOSEPH MAXSTADT,<br><br>   Plaintiff,<br><br>   v.<br><br>JASON PICKETT,<br><br>   Defendant. | Case No. 20-cv-08059-RMI<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Ryan Joseph Maxstadt seeks federal habeas relief under 28 U.S.C. § 2254 from his state conviction and sentence. The court orders Respondent to show cause why the petition should not be granted.

## DISCUSSION

A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B. <u>Petitioner's Claims</u>

In the habeas petition, Petitioner states the following claims:

(1) Petitioner's right to effective assistance of counsel under the Sixth and Fourteenth Amendments was violated because Petitioner's trial counsel failed to support Petitioner's defense with a gunshot residue expert and evidence of the lack of gunshot residue on Petitioner's hand; failed to utilize key facts regarding the lack of a firearm or testimony regarding the sound of a gunshot; and otherwise failed to investigate the issue of gunshot residue. *See* Dkt. 1 at 16, 22-23;

(2) Petitioner's due process right under the Fourteenth Amendment was violated because Petitioner's conviction of the firearm offences was not supported by sufficient evidence: dash camera footage played at trial contravened officer testimony; shell casings were absent from the vehicle and scene; and the gun case in Petitioner's vehicle was inaccessible while driving, *see id*. at 25;

(3) Petitioner's due process right under the Fourteenth Amendment was violated because evidence presented at trial was insufficient to establish that Petitioner possessed a firearm or the specific intent to kill, *see id*. at 28-30;

(4) Petitioner's due process right under the Fourteenth Amendment was violated because the trial court's jury instruction on attempted murder erroneously combined the two elements of a direct step and an intent to kill, *see id*. at 32-33;

(5) Petitioner's due process right under the Fourteenth Amendment was violated because Petitioner's trial counsel failed to file a motion to transfer venue despite the reasonable likelihood that a fair trial was improbable in Mendocino County; *see id*. at 34-35;

(6) Petitioner's due process right under the Fourteenth Amendment was violated because Petitioner's trial counsel failed to strike "at least one juror who was friends with the district attorney," *see id*. at 37;

(7) Petitioner's due process right under the Fourteenth Amendment was violated because Petitioner's trial counsel failed to challenge the court's refusal to strike the enhancement under P.C. § 12022.53(c), despite a lack of ballistics evidence, *see id.* 38;

2

(8) Petitioner's due process right under the Fourteenth Amendment was violated because Petitioner's trial counsel improperly conceded, during closing argument at trial, that Petitioner possessed and discharged a firearm during the incident, *see id*. at 39-40.

Petitioner appears to have stated a cognizable claim for relief. The court **ORDERS** Respondent to show cause why the petition should not be granted as to these claims.

## CONCLUSION

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and the attachments thereto are available via the Electronic Case Filing System for the Northern District of California.

2. Respondent shall file with the Court and serve on petitioner, within **sixty days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **twenty-eight days** of the date the answer is filed.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases, within **sixty days** of the date this order is filed. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent **shall** file with the Court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the Court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must

comply with the Court's orders in a timely fashion. Failure to do so will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

5. Respondent shall file his Consent or Declination to Magistrate Judge Jurisdiction on or before the date his answer is due. This form can be found at www.cand.uscourts.gov/civilforms.

**IT IS SO ORDERED.**

Dated: January 11, 2022

ROBERT M. ILLMAN
United States Magistrate Judge